```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


JUNIOR CAIN                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:04-CV-867-WHB-JCS

UNITED INSURANCE COMPANY OF AMERICA;
UNION NATIONAL FIRE INSURANCE COMPANY;
BENJIE SANDERS; RUDY WILSON AND
JOHN DOES 1 - 10                                        DEFENDANTS
```

## OPINION AND ORDER

This cause is before the Court on the Defendants' Renewed Motion for Summary Judgment. Having considered the Motion, Response and Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion for Summary Judgment is well taken and should be granted.

### I. Facts and Procedural History

This cause of action arises out of an insurance coverage dispute. The policy in question was issued by Union National Fire Insurance Company (hereinafter "Union National") to Plaintiff Junior Cain on or about March 26, 1996. The policy covered only the contents of Plaintiff's house, with a maximum policy benefit of $7,500.00. On September 28, 2001, the policy was amended to increase the maximum policy benefit to $9,000.00. Plaintiff's home was destroyed by fire on May 18, 2003, and pursuant to the

provisions of the Union National insurance policy, only the contents were covered.

On June 1, 2004, Plaintiff filed this suit in the Circuit Court of Amite County, Mississippi against Defendant United Insurance Company of America (hereinafter "United"), Defendant Union National,[1] Defendant Benjie Sanders and Defendant Rudy Wilson. The current operative complaint is the Amended Complaint, which was filed in state court on August 13, 2004. The Amended Complaint contains a plethora of claims pertaining to wrongful conduct and/or practices perpetuated on Plaintiff by Defendants through the sale of an insurance policy which did not cover the structure of his home.

The claims in the Amended Complaint are: count one, breach of the duty of good faith and fair dealing; count two, fraudulent misrepresentation and/or omission, consumer fraud / deceptive business practices; count three, breach of fiduciary duty; count four, negligent and wanton failure to monitor and train agents; count five, conspiracy; count six, negligence and gross negligence; count seven, negligent misrepresentation and/or omission; count eight, unjust enrichment; and count nine, punitive damages. The alleged foundation of all of the claims is that Plaintiff was fraudulently led to believe that his Union National insurance

---

[1] Defendants United and Union National are sometimes collectively referenced herewith as "the insurance company Defendants."

policy covered the structure of his home, when in reality it covered only the contents.

The insurance company Defendants removed the case to this Court on October 13, 2004. The jurisdictional basis for the removal was diversity of citizenship under 28 U.S.C. § 1332. The insurance company Defendants argued that Sanders and Wilson, the only non-diverse Defendants in this case, were fraudulently joined. Plaintiff subsequently filed a Motion to Remand, which was denied by this Court. In the Order which addressed the Motion to Remand, Sanders and Wilson were dismissed as fraudulently joined Defendants.

United is the parent company of Union National. The policy was issued by Union National. Plaintiff has raised no issue of liability as to United and has shown no need to pierce the corporate veil of United. United should therefore be dismissed.

The subject Renewed Motion for Summary Judgment was filed on January 19, 2006. That Motion is now ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

   The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  Id. at 324.

    Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.

It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence."  Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

It is undisputed that three year statutes of limitations apply to all of Plaintiff's claims.  The subject policy of insurance was issued to Plaintiff on March 26, 1996, and this suit was filed over eight years later, on June 1, 2004.  Defendants therefore argue that Plaintiff's claims are barred by the applicable statutes of limitations.

Arguing a contrary position, Plaintiff relies on the doctrine of fraudulent concealment, which is embodied in § 15-1-67 of the Mississippi Code.  Section 15-1-67 states:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Analyzing the fraudulent concealment doctrine, in <u>Stephens v. Equitable Life Assurance Society of the United States</u>, 850 So.2d 78, 83-84 (Miss. 2003), the Mississippi Supreme Court held:[2]

> This Court has recently addressed the issue of the tolling of statutes of limitation for fraudulent concealment pursuant to Miss. Code Ann. § 15-1-67 and the evidence required to prove such a claim. In <u>Robinson v. Cobb</u>, 763 So.2d 883, 887 (Miss. 2000), this Court held:
>
>> Further, "[f]raudulent concealment of a cause of action tolls its statute of limitations." <u>Myers v. Guardian Life Ins. Co. of America, Inc.</u>, 5 F.Supp.2d 423, 431 (N.D. Miss. 1998). The fraudulent concealment doctrine "applies to any cause of action." <u>Id.</u> Robinson and Johnson claim that Cobb actively concealed his involvement in the fatal wreck, thereby allowing the fraudulent concealment exception to toll the running of the statute of limitations.
>>
>> In order to establish fraudulent concealment, "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." <u>Reich v. Jesco, Inc.</u>, 526 So.2d 550, 552 (Miss. 1988). Robinson and Johnson must first prove that Cobb "engaged in affirmative acts of concealment." <u>In re Catfish Antitrust Litigation</u>, 826 F.Supp. 1019, 1030 (N.D. Miss. 1993). Robinson and Johnson must also prove that even though they acted with due diligence in attempting to discover Cobb's role in the accident, they were unable to do so. <u>Wilson v. Retail Credit Co.</u>, 325 F.Supp. 460, 465 (S.D. Miss. 1971), <u>aff'd on other grounds</u>, 457 F.2d 1406 (5th Cir. 1972).
>
> Accordingly, the *plaintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was*

---

[2] Because this cause is before the Court on the jurisdictional basis of diversity of citizenship, Mississippi state law controls the substantive issues, including the statute of limitations.

> *done and prevented discovery of a claim, and (2) due diligence was preformed on their part to discover it.*

(Emphasis added). Further, the affirmative act of concealment must occur *after* the act which gives rise to the cause of action. Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003)(holding that a plaintiff is "required to prove an affirmative act of fraudulent concealment *post-completion of the insurance sale[]* in order to toll the statute of limitations" (emphasis added)); Andrus v. Ellis, 887 So.2d 175, 181 (Miss. 2004)(holding that tolling of the statute of limitations requires a "*subsequent* affirmative act by the defendant which was designed to prevent and did prevent discovery of the claim" (emphasis added)).

Summarizing the above holdings, a plaintiff must prove two elements in order to toll the running of the statute of limitations under § 15-1-67. The elements are: (1) an affirmative act of concealment by the defendant which occurred *after* the act or omission on which plaintiff's cause of action is based; and (2) based on that act of concealment and notwithstanding due diligence exercised by the plaintiff, the claim was not discovered until after the running of the applicable limitations period.

In the subject case, the alleged fraudulent statement was that the policy covered the structure of Plaintiff's home, when in fact the policy only covered the contents of the home. This statement was made by the insurance agent during the policy application process on or about March 26, 1996. All evidence before the Court

indicates that the sales agent made no *subsequent* (post-sale) representations to Plaintiff regarding whether the policy covered the structure of his house.  The Court therefore finds that in the context of § 15-1-67, the insurance agent who initially contacted Plaintiff took no action to conceal the subject causes of action, post-sale.

On or about September 28, 2001, Plaintiff was contacted by a second insurance agent (hereinafter "September 28 meeting"). Pursuant to that meeting, the coverage amount of Plaintiff's policy was increased from $7,500.00 to a maximum of $9,000.00, effective September 28, 2001.  The Court must consider whether anything that occurred during the September 28 meeting could be construed as a subsequent act of concealment under § 15-1-67.  For the following two reasons, the Court finds that nothing which transpired at the September 28 meeting operated to satisfy the subsequent act of concealment test.

First, the portions of Plaintiff's deposition testimony presented to the Court which pertain to the September 28 meeting contain no representation to the effect that the policy covered the structure of Plaintiff's residence. Plaintiff's deposition transcript, p. 13, attached as an exhibit to Plaintiff's Response to Renewed Motion for Summary Judgment.  Other than Plaintiff's deposition transcript, no admissible evidence has been presented to the Court regarding misrepresentations made during the September 28

meeting. Because no representation or act of concealment was made during the September 28 meeting regarding coverage of the structure of Plaintiff's house, that encounter between the agent and Plaintiff provides no basis for tolling the statute of limitations.

Second, any subsequent act of concealment must logically occur within the applicable limitations period in order to toll the statute of limitations. That is, if the act of concealment occurs *after* the statute of limitations has run, then said act is of no consequence. In this case, the September 28 meeting occurred over five years after the policy inception date. Assuming *arguendo* that the second agent engaged in an affirmative act of concealment, the three year limitations periods had already expired before the concealing act occurred. Therefore, any such act of concealment cannot form a basis for tolling the statutes of limitations.

Plaintiff also argues that when the maximum coverage on the Union National policy was increased from $7,500.00 to $9,000.00 effective September 28, 2001, a new "contract" went into effect which began a new three year limitation period. Since this case was filed less than three years after September 28, 2001, Plaintiff contends that his claims are not barred by the applicable statutes of limitations. The Court rejects Plaintiff's argument for three reasons.

First, the Court finds that no new contract was created by the coverage increase effective September 28, 2001. Other than a

coverage increase, no terms of the contract were altered. The policy number remained the same, and no new policy was issued. The only change to the policy itself was the declarations page, which reflected the coverage increase. The Court finds that the limitations period did not begin to run anew on September 28, 2001, because only an alteration of the existing policy occurred on that date, and no new contract of insurance was initiated, at least as to the type of coverage as opposed to the amount of coverage.

Second, the Court notes that Plaintiff stated no claim in the Amended Complaint for breach of contract. Therefore, assuming *arguendo* that a new contract was created by increasing coverage under the policy effective September 28, 2001, this scenario has no effect on the running of the limitations period because no breach of contract claim was asserted.

Third, no new limitations period began on September 28, 2001, because Plaintiff was not fraudulently induced to increase his coverage on the structure of his home on that date. As analyzed above, all evidence before the Court indicates that the agent said nothing at the September 28 meeting regarding coverage of the structure of Plaintiff's residence. Without some fraudulent act by the agent regarding this issue during the September 28 meeting, no new limitations period began on that date.

Based on the above holdings, the Court finds that Plaintiff has failed to prove the first required element for invoking the

fraudulent concealment doctrine, i.e., he failed to prove a subsequent act of concealment by Defendants.  The Court therefore further finds that Plaintiff's claims in this cause are barred by the applicable statutes of limitations, and that Defendants' Renewed Motion for Summary Judgment must be granted.

### IV.  Conclusion

Based on the holdings presented herewith:

IT IS THEREFORE ORDERED that Defendants' Renewed Motion for Summary Judgment (docket entry no. 51) is hereby granted.  A Final Judgment will be entered which dismisses this case with prejudice.

SO ORDERED this the 8th day of March, 2006.

s/ William H. Barbour, Jr.<br>
UNITED STATES DISTRICT JUDGE

tct